UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NUMBER 94-377 |
| BOBBY F. SHAMBURGER | SECTION "I" |

**O R D E R**

Before the Court is a motion[1] filed by defendant, Bobby F. Shamburger, to dismiss the government's rule to revoke supervised release. Defendant argues that the rule to revoke should be dismissed because jurisdiction over this matter has been transferred to the U.S. District Court for the Southern District of Florida. Defendant contends that a *de facto* transfer of jurisdiction occurred when the supervisory duties over defendant were administratively delegated to the probation department of the Southern District of Florida. The government opposes the motion.[2]

The United States Code permits transfer of jurisdiction over a probationer. 18 U.S.C. § 3605 provides,

> A court, after imposing a sentence, may transfer jurisdiction over a probationer or person on supervised release to the district court for any other district to which the person is required to proceed as a condition of his probation or release, or is permitted to proceed, with the concurrence of such court. A later transfer of jurisdiction may be made in the same manner. A court to which jurisdiction is transferred under this section is authorized to exercise all powers over the probationer or releasee that are permitted by this subchapter or subchapter B or D of chapter 227.

The transfer statute "gives a court discretion to order a transfer, but conditions transfer upon the acceptance of jurisdiction by the court to which the transfer is made . . . ." *United States v.*

---

[1] R. Doc. No. 985.
[2] R. Doc. No. 988.

*Fernandez*, 379 F.3d 270, 272 (5th Cir. 2004) (quoting *United States v. Ohler*, 22 F.3d 857, 858-59 (9th Cir. 1994).

The Court rejects defendant's argument that jurisdiction was *de facto* transferred to the U.S. District Court for the Southern District of Florida. This Court never ordered a transfer and the U.S. District Court for the Southern District of Florida never accepted a transfer. There is no authority for defendant's position that transferring supervisory duties to another district's probation office also transfers jurisdiction. In sum, the Court retained jurisdiction over this matter despite the fact that defendant was allowed to return to his home in Florida to be supervised.

Accordingly,

**IT IS ORDERED** that defendant's motion to dismiss the rule to revoke is **DENIED**.

New Orleans, Louisiana, September 28, 2011.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**